RiohakdsoN, Ch. J.,
delivered the opinion of the court:
The claimant’s intestate had a claim of $708 against the United States due to him as a soldier in the Army as stated, since his decease, by the Second Auditor of the Treasury. The Supreme Court of the District of Columbia, holding a special term of orphans’ court business, appointed the claimant administrator of the estate of the deceased, and he brings this action.
The only question of law involved is whether or not the District Court had jurisdiction to grant letters of administration.
*541 Tbe petition for such, appointment, by six creditors of Illinois, alleges that: “ Edward B. Quinn, late a first sergeant of Company E, Fifteenth regiment United States Infantry died a natural death at Chicago, State of Illinois, on or about October 5, 1890;” and the claimant was appointed administrator of Edward B. Quinn, late of Chicago, III.” It does not appear, by the records, that the District Court found that the deceased had any other assets than this claim against the United States, as the petition does not so allege while it does mention this claim specially as a foundation for the jurisdiction. Nor does it appear that there were any creditors in the District whose claims were required to be first satisfied.
It seems then, that the court found the deceased to be domiciled in Illinois and granted ancillary administration on his estate by reason of the claim against the United States and for the sole benefit of Illinois creditors.
In the case of the administrator of Kerwin Wilson, just decided, we have held that a claim against the United States is not a local asset by virtue of which alone the Supreme Court of the District can take jurisdiction to issue ancillary letters of administration.
It is alleged in the petition to this court that the deceased was a foreigner, a soldier in the Army, and never had any fixed or settled domicile in the United States, and so it is argued that it is in this District that the principal administration on his estate may be granted. If these allegations had been made in the petition for the appointment and the court which acted thereon had found the facts so to be, the claimant’s contention might be sustained. We have no means of knowing upon what evidence the District Court acted, and the allegations now made contradict its record designating the deceased as late of Chicago, HI., which in Raborg’s Administrator (2 Harris and Gill, 49) cited and quoted in Eslin’s Case (22 C. Cls. R., 163) the Maryland court of appeals held could not be done.
The Treasury Department refused to pay the claim to the present claimant on the ground that his appointment was void for want of jurisdiction in the court by which it was granted.
The petition must be dismissed.
Nott, J., did not sit in this case but agreed in the conclusion of the court.